**INDEPENDENT INK, INC., Plaintiff–Appellant,**

v.

**ILLINOIS TOOL WORKS, INC., and Trident, Inc., Defendants– Appellees.**

No. 04–1196.

United States Court of Appeals, Federal Circuit.

May 11, 2006.

Before DYK, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

*ORDER*

PER CURIAM.

On March 1, 2006, the Supreme Court remanded this case to this court. The

Supreme Court held that "respondent reasonably relied on our prior opinions in moving for summary judgment without offering evidence defining the relevant market or proving that petitioners possess power within it. When the case returns to the District Court, respondent should ... be given a fair opportunity to develop and introduce evidence on that issue, as well as any other issues that are relevant to its remaining § 1 claims." *Ill. Tool Works, Inc. v. Indep. Ink, Inc.,* —— U.S. ——, 126 S.Ct. 1281, 1293, 164 L.Ed.2d 26 (2006). The Supreme Court ordered that "the judgment of the [United States Court of Appeals for the Federal Circuit] is vacated with costs, and this case is remanded to the United States Court of Appeals for the Federal Circuit for further proceedings consistent with the opinion of this Court." On April 13, 2006, we ordered supplemental briefing on the proper scope of our remand to the district court.

The sole issue that divides the parties is the question of discovery on the remand. Independent Ink, Inc. argues that further discovery should be allowed. Illinois Tool Works, Inc. and Trident, Inc. urge that further discovery should not be allowed. We agree that some further discovery is appropriate. The Supreme Court's decision expressly contemplates further discovery with respect to the issue of market power and any other issue related to the section 1 claims where Independent Ink, Inc. can show that discovery also was foregone in reliance on the Supreme Court's prior decisions concerning market power.

Accordingly, it is hereby

ORDERED that this case is remanded to the district court for further proceedings consistent with the Supreme Court's remand order and this order.